# EXHIBIT L

FILED
5/4/2026 9:06 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## CAUSE NO. CC-26-02717-A

|  |  |  |
|---|---|---|
| **HARPER PARIS,** | § § § | |
| **Plaintiff,** | § § § | **IN THE COUNTY COURT OF** |
| **V.** | § § | **DALLAS COUNTY, TEXAS** |
| | § | **COUNTY COURT AT LAW NO. 1** |
| **EXPERIAN INFORMATION** | § | |
| **SOLUTIONS, INC., MISSION LANE** | § | |
| **LLC, and SOUTHEAST CLIENT** | § | |
| **SERVICES,** | § | |
| | § | |
| **Defendants.** | | |

## MISSION LANE'S ANSWER TO HARPER PARIS'S ORIGINAL PETITION

Defendant Mission Lane LLC ("Mission Lane") files this Answer to Plaintiff Harper Paris's ("Plaintiff") Original Petition, stating as follows:

## GENERAL DENIAL

Mission Lane denies all allegations asserted by Plaintiff. Mission Lane further denies that it is liable to Plaintiff under any cause of action or theory asserted by Plaintiff or that Plaintiff is entitled to any award, judgment, damages, compensatory damages, statutory damages, interest, cost, attorney's fees, or any relief whatsoever and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Mission Lane asserts the affirmative defenses set forth below:

## FIRST DEFENSE

The claims against Mission Lane fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they seek redress that is barred by the applicable statute of limitations.

67472433 v1

## THIRD DEFENSE

Plaintiff has failed to mitigate her alleged damages, if any.

## FOURTH DEFENSE

Mission Lane pleads the defense of lack of causal relation between its conduct and the damages alleged.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, release, unclean hands, accord and satisfaction, ratification, consent and acquiescence.

## SIXTH DEFENSE

Plaintiff's claims against Mission Lane are barred, in whole or in part, by the doctrines of recoupment and/or set off. Mission Lane is further entitled to set off for any amounts due and owing that exceed the alleged damages experienced by Plaintiff.

## SEVENTH DEFENSE

At all times and under all circumstances relevant, Mission Lane acted in good faith and without malice and in conformity with applicable rules, regulations, and statutory interpretations.

## EIGHTH DEFENSE

Mission Lane specifically denies that it acted with any negligence, willfulness, oppression, fraud, or malice towards Plaintiff.

## NINTH DEFENSE

Some or all of the claims asserted are barred by the doctrines of consent, including but not limited to prior express consent, invitation or permission and prior express written consent.

## TENTH DEFENSE

Mission Lane denies that it reported any inaccurate information regarding Plaintiff's account.

## ELEVENTH DEFENSE

To the extent that any statutory violations could be established by Plaintiff, such violations were not willful or intentional, and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

## TWELFTH DEFENSE

Plaintiff experienced no injury in fact as a result of Mission Lane's alleged conduct and/or cannot satisfy the concrete injury requirement and therefore does not have standing to assert the claim asserted herein.

## THIRTEENTH DEFENSE

Plaintiff has not incurred or experienced any actual or ascertainable damages, including, but not limited to, mental anguish damages.

## FOURTEENTH DEFENSE

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third parties over which Mission Lane had no responsibility or control and for which Mission Lane may not be held liable.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in party, by the economic loss doctrine.

## SIXTEENTH DEFENSE

The imposition of punitive damages against Mission Lane would violate the Due Process provision of the United States Constitution. Specifically, grossly excessive penalties entered on a

discretionary basis may amount to an "arbitrary deprivation of property without due process of law." *See, e.g., TXO Production Corp. v. Alliance Resources Corp.*, 509 U. S. 443, 453, 454 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 562 (1996).

<u>**SEVENTEENTH DEFENSE**</u>

The award of statutory penalties under the Fair Credit Reporting Act ("<u>FCRA</u>") against Mission Lane would violate the prohibition against excessive fines of the United States Constitution. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)). Imposition of a statutory penalty is excessive in this context may result in potential

<u>**EIGHTEENTH DEFENSE**</u>

Mission Lane's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating as between Mission Lane and Plaintiff.

<u>**NINETEENTH DEFENSE**</u>

Plaintiff's claims are barred in whole or in part to the extent Plaintiff breached or otherwise failed to comply with their obligations under any contract or other agreement with any person or entity related to this matter

<u>**TWENTIETH DEFENSE**</u>

Mission Lane's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability.

## TWENTY-FIRST DEFENSE

Mission Lane affirmatively invokes any and all available defenses under the FCRA, including that it did not receive notice of Plaintiff's dispute(s) from a credit reporting agency.

## RESERVATION OF DEFENSES

Mission Lane presently has insufficient knowledge and information on which to form a belief as to whether it has additional, but as yet unstated, affirmative defenses available to it, and reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate. To the extent that any allegations in the Original Petition have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 4th day of May, 2026.

> /s/ Joshua H. Threadcraft
> Joshua H. Threadcraft (TX Bar # 24147561)
> BURR & FORMAN LLP
> 420 North 20th Street, Suite 3400
> Birmingham, Alabama 35203
> Telephone: (205) 251-3000
> Facsimile: (205) 458-5132
> Email: jthreadcraft@burr.com
>
> *Attorney for Defendant*
> MISSION LANE LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of May, 2026, a true and correct copy of the foregoing Mission Lane's Answer to Harper Paris's Original Petition was served on all counsel and/or pro se Parties listed below in accordance with Texas Rule of Civil Procedure 21a by electronical and U.S. Mail, postage prepaid:

Harper Paris
1710 Keller Parkway 9602
Keller Texas 76248
Harperparis0826@gmail.com

/s/ Joshua H. Threadcraft
Joshua H. Threadcraft (TX Bar # 24147561)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5132
Email: jthreadcraft@burr.com

*Attorney for Defendant*
MISSION LANE LLC

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joshua Threadcraft on behalf of Joshua Threadctaft
Bar No. 24147561
jthreadcraft@burr.com
Envelope ID: 114420484
Filing Code Description: Ody - Original Answer - General Denial
Filing Description:
Status as of 5/8/2026 8:31 AM CST

Associated Case Party: EXPERIAN INFORMATION SOLUTIONS, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Vincent JHess | | Vince.Hess@troutman.com | 5/4/2026 9:06:19 AM | SENT |

Associated Case Party: MISSION LANE LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joshua Threadcraft | | jthreadcraft@burr.com | 5/4/2026 9:06:19 AM | SENT |