UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HARPER PARIS,

Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,  MISSION LANE
LLC, and SOUTH EAST CLIENT
SERVICES,

Defendants.

Civil Action No.: 3:26-cv-01486-E-BN

**DEFENDANT SOUTH EAST CLIENT SERVICES, LLC'S ANSWER**

COMES NOW, South East Client Services, LLC,, Defendant in the above-referenced action (hereinafter "PCA"), and files this Answer in response to the Plaintiff's Amended Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff has not been damaged; therefore, Plaintiff may not recover against this Defendant.

- 1 -

## THIRD DEFENSE

Any alleged violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., by Defendant, which is expressly denied, was not willful, and therefore Plaintiff is not entitled to statutory or punitive damages.

## FOURTH DEFENSE

Any damages alleged by Plaintiff, which are expressly denied, were not caused by any act or omission of Defendant, but rather by the actions or omissions of Plaintiff, third parties, or other independent causes.

## FIFTH DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

## SIXTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

## SEVENTH DEFENSE

Plaintiff brought her claims in bad faith and/or for the purpose of harassment.

Defendant reserves the right to assert additional defenses that may become available during discovery or other pretrial proceedings.

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

### I.    DISCOVERY CONTROL PLAN

1. Defendant denies the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

### II.    PARTIES

2. Defendant admits that Plaintiff is an individual. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant admits that it is in the business of collecting unpaid accounts. The remaining allegations contained in Paragraph 5 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

## III.    JURISDICTION AND VENUE

6. The allegations contained in Paragraph 6 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

7. The allegations contained in Paragraph 7 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

## IV.    FACTUAL ALLEGATIONS

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

## V. CAUSES OF ACTION

### Count One: FCRA Violation – Failure to Reinvestigate (Against Experian)

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

### Count Two: FCRA Violation – Failure to Investigate as a Furnisher (Against Mission Lane)

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

**Count Three: FCRA Violation – Failure to Disclose Complete File (Against Experian)**

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

**Count Four: FCRA Violation – Failure to Ensure Permissible Purpose (Against Experian)**

22. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

**Count Five: TBCC Violation – Texas File Disclosure Laws (Against Experian)**

23. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

**Count Six: FCRA Violation – Obtaining Report Without Permissible Purpose (Against SECS)**

24. Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

**Count Seven: FDCPA Violation – Unfair Practices (Against SECS)**

25. Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

**<u>Count Eight: TDCA Violation – Teas Debt Collection Act (Against SECS)</u>**

26. Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

## VI.    <u>DAMAGES SOUGHT</u>

27. Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

## VII.    <u>PRAYER FOR RELIEF</u>

28. Defendant denies that Plaintiff is entitled to any recovery for any damages.

29. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of June 2026.

**BEDARD LAW GROUP, P.C.**

*/s/John H. Bedard, Jr.*
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant*
*South East Client Services, LLC*

4855 River Green Parkway
Suite 310

Duluth, Georgia 30096
Telephone: (678) 253-1871
jbedard@bedardlawgroup.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

HARPER PARIS,

Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,  MISSION LANE
LLC, and SOUTH EAST CLIENT
SERVICES,

Defendants.

Civil Action No.: 3:26-cv-01486-E-BN

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed Defendant South East Client Services' Answer with the Clerk using the CM/ECF system which will automatically send email notification to the following attorneys of record as follows:

Steven Owens
sowens@kasowitz.com

Vincent Hess
Vince.hess@troutman.com

Gary Kessler
gsk@kesslercollins.com

Joshua Threadcraft
hthreadcraft@burr.com

Rachel Cash
rcash@burr.com

I further certify that I served the non-CM/ECF participant  by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

Harper Paris
900 E. Colorado Blvd.
Dallas, Texas 75203

Respectfully submitted this 10th day of June 2026.

**BEDARD LAW GROUP, P.C.**

<u>/s/John H. Bedard, Jr.</u>
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant*
*South East Client Services, LLC*