IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARPER PARIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1486-E-BN |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., MISSION LANE | § | |
| LLC, and SOUTH EAST CLIENT | § | |
| SERVICES, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTION TO STRIKE AND NOTICING DEFICIENCY
REGARDING LOCAL COUNSEL REQUIREMENT**

Plaintiff Harper Paris has filed a Motion to Strike Defendant South East Client Services, LLC's Untimely and Unauthorized Filings (Docs. 14 & 15). *See* Dot. No. 20.

Paris seeks to strike South East's Answer [Dkt. No. 14] and Certificate of Interested Persons [Dkt. No. 15] because "the Answer [is] nearly a month late" and was "filed by an attorney not authorized to practice in this District, in direct violation of Local Rules." *Id.* at 2.

On June 8, 2026, Paris requested the Clerk of Court to enter default against South East because it had not filed an answer within 21 days of being served on April 14, 2026. *See* Dkt. No. 16. South East filed its answer on June 10, 2026. *See* Dkt. No. 14. The docket reflects that the Clerk declined to enter default because of South East's attempt to defend.

-1-

Insofar as South East filed its answer "nearly a month late," the Clerk correctly denied default. "[A] default judgment is 'only appropriate where there has been a clear record of delay or contumacious conduct.'" *Parsons v. Transunion*, No. 4:25-cv-597-Y-BP, 2026 WL 852196, at *16 (N.D. Tex. Jan. 8, 2026) (quoting *E.F. Hutton & Co, Inc. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972). By appearing and filing an answer, albeit late, South East has demonstrated an attempt to defend, rather than an intent to delay. *See id.* (declining to strike answer because defendant had answered after appearing and striking would improperly "expose [defendant] to default judgment"); *see also Jackson v. U.S. Postal Serv.*, No. 3:24-cv-1590-N-BW, 2025 WL 1151669, at *2 (N.D. Tex. Mar. 10, 2025) ("Here, the Clerk of Court properly declined to enter default because the defendants had appeared in this action and are taking steps to defend against the allegations made by Plaintiff.").

And, so, the Court will not strike South East's Answer on the basis of delay.

As to the local counsel requirement, the Court agrees that South East does not appear to have local counsel in this matter. But the Court disagrees that South East's counsel is "not authorized to practice in this district." Dkt. No. 20 at 2. The record reflects that South East's counsel, although based in Georgia, is admitted to the Northern District of Texas.

The Court will not strike South East's answer for failure to obtain local counsel before giving counsel an opportunity to amend this curable deficiency.

And, so, the Court DENIES Paris's Motion [Dkt. No. 20].

But the Court warns South East that Northern District of Texas Local Civil

Rule 83.10(a) requires the appearance of local counsel where counsel of record for a party does not reside or maintain the attorney's principal office in this district. "Local counsel" means a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending.

By **July 16, 2026**, South East must file one of the following:

(1) a response to this order, demonstrating why counsel is not subject to, or is exempt from, Local Civil Rule 83.10(a)'s requirements or pointing out how and when local counsel has previously been designated;

(2) under Local Civil Rule 83.10(a), a motion for leave to proceed without local counsel; or

(3) a designation of, and the entry of appearance by, local counsel satisfying Local Civil Rule 83.10(a)'s requirements and stating local counsel's address and telephone number, as required by Federal Rule of Civil Procedure 11(a), and including the information that Local Civil Rule 10.1(b) requires. Counsel who are not members of the bar of this court and have not been admitted *pro hac vice* in this case must at the same time apply for admission to the Bar or for admission *pro hac vice*.

SO ORDERED.

DATED: June 16, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE