**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| HARPER PARIS,<br><br>Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,  MISSION LANE LLC, and SOUTH EAST CLIENT SERVICES,<br><br>Defendants. | Civil Action No.: 3:26-cv-01486-E-BN |

**DEFENDANT SOUTH EAST CLIENT SERVICES, LLC'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND
MEMORANDUM IN SUPPORT THEREOF**

COMES NOW Defendant South East Client Services, LLC ("SECS") by and through undersigned counsel, hereby moves the Court for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(*c*).  This motion is based on the pleadings in this matter and the incorporated memorandum of law.  As grounds for this motion, Defendant SECS states as follows:

## I.     INTRODUCTION

Plaintiff Harper Paris ("Paris") contends that SECS violated various federal and state laws by obtaining a copy of her credit report without a permissible purpose. However, SECS did have a permissible purpose – collecting Paris's unpaid account. Since SECS was attempting to collect a debt, SECS had a

permissible purpose.  For this reason, this Motion must be granted, and judgment must be entered in SECS's favor.

## II.    FACTUAL BACKGROUND DRAWN FROM THE COMPLAINT

On February 19, 2026, Paris discovered a soft inquiry by SECS. (Doc. 1-5, Compl., ¶ 15). Paris alleges she has no account or business relationship with Defendant SECS and did not provide consent for it to access her consumer file. (Id. at ¶ 16.). However, she admits SECS obtained her credit report to collect or attempt to collect a debt.  (Id. at ¶ 25.).

Based on these allegations, Paris asserts claims against SECS for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Texas Debt Collection Act, Texas Finance Code § 392.304. ("TDCA"),

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Courts "evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010) (citations omitted). A judgment on the pleadings is proper where the complaint

fails to state a plausible claim for relief. See *id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2).* "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Neither "labels and conclusions" nor "naked assertion[s] devoid of 'further factual enhancement" are sufficient. *Iqbal*, 556 U.S. at 678. Rather, to withstand Rule 12(b)(6) scrutiny and satisfy Rule 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ][its] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." Id. Although pro se plaintiffs are held to less stringent pleading standards, "pro se litigants are not exempt from compliance with the relevant rules of procedure and substantive law." *Sandusky v. Cigna Healthcare*, No. 3:09-CV-1626-N, 2010 WL 11618036, at *1 (N.D. Tex. Nov. 19, 2010) (quoting *Price v.*

*Porter*, 351 F. App'x 925, 926 (5th Cir. 2009); see also *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[R]egardless of whether the plaintiff is proceeding pro se or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'").

The Fifth Circuit straightforwardly applies the plausibility pleading standards from Twombly in similar cases under the FCRA. See *Norman v. Northland Group Inc.*, 495 F. App'x 425, 426 (5th Cir. 2012); see also *Davis v. Schwab*, No. 4:12—CV-740—A, 2013 U.S. Dist. LEXIS 25812, 2013 WL 704332, at *1-2 (N.D. Tex. Feb. 26, 2013). Plaintiff "has not alleged any facts that would permit the court to draw the reasonable inference that "SECS " obtained her credit report for a purpose that was not 'permissible' under the statute*." Alessandro-Roberto*, 2023 U.S. Dist. LEXIS 176794. Without such essential facts, Paris cannot move forward on her complaint. *Crain v. Credit Prot. Ass'n*, No. 3:09-CV-2353-D, 2010 U.S. Dist. LEXIS 76547 (N.D. Tex. June 30, 2010) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 555).

## IV.   ARGUMENT

### I.     FCRA

**A. Paris has not stated a claim under the FCRA because SECS had a permissible purpose and Paris fails to plead factual allegations to support all elements of the FCRA claim.**

To state a claim for obtaining a credit report without a legitimate business purpose, the Plaintiff must plead facts to support that (1) there was a consumer report; (2) obtained or used by defendant; (3) without a statutorily permissible purpose; and (4) defendant's conduct was willful or negligent. *Tate v. Dall. Indep. Sch. Dist.*, No. 3:21-CV-0895-B-BH, 2022 U.S. Dist. LEXIS 16857 (N.D. Tex. Jan. 10, 2022). That there was a consumer report obtained and used by SECS is not disputed.

     i.     <u>SECS had a permissible purpose to obtain or use the consumer credit report.</u>

SECS had a permissible purpose – it was attempting to collect Paris's collection account. A person may not obtain another's consumer report unless it has a permissible purpose. *15 U.S.C. § 1681b(f)(1)*. Using a report in the "collection of an account of, the consumer…" is a permissible purpose. *15 U.S.C. § 1681b(a)(3)(A)*. Therefore, debt collection is a permissible purpose.

SECS had a permissible purpose to obtain Paris's credit report because it was attempting to collect a debt. Paris admits in her Complaint that SECS obtained

her credit report in an attempt to collect a debt. (Doc. 1-5, Compl., ¶ 25).  Since

SECS was attempting to collect a debt, it had a permissible purpose to obtain

Paris's consumer report. *Gonzalez v. Midland Funding, LLC*, No. 4:13-CV-50-A,

2013 U.S. Dist. LEXIS 46550 (N.D. Tex. Mar. 29, 2013); *Gonzalez v. Cont'l Serv.*

*Grp.*, No. 4:12-CV-553-A, 2013 U.S. Dist. LEXIS 102565 (N.D. Tex. July 23,

2013). Because SECS had a permissible purpose that is a complete defense to

Plaintiff's FCRA claim.

SECS respectfully requests that this motion be granted and that Judgment be

entered in its favor.

ii.    <u>Plaintiff fails to show that SECS had the requisite mental state to violate the FCRA.</u>

There is no evidence or allegations indicating defendant's conduct was

willful or negligent.  First, there is no evidence or allegation that SECS knowingly

violated the law. As argued above, it had a permissible purpose, and even if it

didn't, it had reason to believe that it did. Such action defeats any knowing

violation. Second, any violation would not be knowing or reckless because SECS's

interpretation of the statute – that debt collection is a permissible purpose – is not

objectively unreasonable. This argument finds support in the text of the statute as

"review or collection of an account…" is a specifically enumerated permissible

purpose. *15 U.S.C. § 1681(a)(3)(A).*

- 6 -

Based on SECS's reasonable interpretation of the FCRA, and the lack of any evidence or allegation supporting a willful or negligent mental state, Paris has failed to satisfy the fourth and final element of her FCRA claim. For these reasons, SECS respectfully requests that this motion be granted and that judgment be entered in its favor.

## II.    FDCPA

Paris's FDCPA claim is premised on the same conduct as his FCRA claim – obtaining his credit report without a permissible purpose. (Doc. 1-5, Compl., ¶ 25). The FDCPA claim fails for the same reason as the FCRA claim – SECS had a permissible purpose.

Further, to state a claim under the FDCPA, a plaintiff must demonstrate that (1) plaintiff has been the object of collection activity arising from consumer debt; (2) defendant is a debt collector as defined by the FDCPA; and (3) defendant has engaged in an act or omission prohibited by the FDCPA. *Ghanta v. Immediate Credit Recovery, Inc.*, Civil Action No. 3:16-cv-00573-O, 2017 U.S. Dist. LEXIS 67726, at *23 (N.D. Tex. Apr. 18, 2017).

Paris has not pled the required elements of an FDCPA claim.  Even if the Court were to assume she has met the first two elements above, she fails to state any valid violation of the FDCPA.  Only the demonstratively false statement that her credit report was pulled by SECS without consent or a permissible purpose.

This same paragraph in Paris's complaint states that SECS was "attempting to collect a debt."  In other words, Paris's pleading admits that SECS had a permissible purpose to pull her credit report.  For these reasons, SECS respectfully requests that this motion be granted and that judgment be entered in its favor.

## III.    TDCA

To state a claim under the TDCA, a plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as result of the defendant's wrongful act. See *Tex. Finance Code § 392.001, Cruz v. Bank of Am., N.A.*, No. 3:19-cv-340-M-BN, 2020 U.S. Dist. LEXIS 142330, at *1 (N.D. Tex. July 10, 2020).

Plaintiff does not allege the specific part of the TDCA claim is alleged. However, based on the pleadings, we can deduce it is a claim § 392.304(a)(19). This catchall provision states: "[I]n debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices . . . [including] using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." *Tex. Fin. Code § 392.304(a)(19).* Plaintiff fails to make any specific allegations or state any facts to support her claim.

Instead, she just restates the statute and alleges that Defendant violated §

392.304 by "employing deceptive means to obtain consumer information and

operating without a permissible legal purpose to invade Plaintiff's credit file."

(Doc. 1-5, Compl., ¶ 26).

There is nothing alleged by plaintiff indicating that (1) the debt at issue is a

consumer debt; (3) the defendant committed a wrongful act in violation of the

TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the

plaintiff was injured as result of the defendant's wrongful act.  The Complaint

simply states a conclusory statement that SECS violated the TDCA. No facts

alleged anywhere in the complaint can support this theory.

In short, SECS had a permissible purpose to obtain Paris's credit report.

This defeats the exact language of Paris's claim. ("…employing deceptive means

to obtain consumer information and operating without a permissible legal purpose

to invade Plaintiff's credit file."  Doc. 1-5, Compl., ¶ 26).  Further, Paris failed to

allege the required facts to support a TDCA claim.

SECS respectfully requests that this motion be granted and that judgment be

entered in its favor.

## CONCLUSION

SECS had a permissible purpose to obtain Paris's credit report – it was

attempting collect a debt. These undisputed facts win the day on all of Paris's

claims. For these reasons, SECS respectfully requests that this Motion be granted and that judgment be entered in its favor.

Respectfully submitted this 16th day of July 2026.

**BEDARD LAW GROUP, P.C.**

*/s/John H. Bedard, Jr.*
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant*
*South East Client Services, LLC*

4855 River Green Parkway
Suite 310
Duluth, Georgia 30096
Telephone: (678) 253-1871
jbedard@bedardlawgroup.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

HARPER PARIS,

Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,  MISSION LANE
LLC, and SOUTH EAST CLIENT
SERVICES,

Defendants.

Civil Action No.: 3:26-cv-01486-E-BN

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed Defendant South East Client Services' Motion for Judgment on the Pleadings with the Clerk using the CM/ECF system which will automatically send email notification to the following attorneys of record as follows:

Steven Owens
sowens@kasowitz.com

Vincent Hess
Vince.hess@troutman.com

Gary Kessler
gsk@kesslercollins.com

Joshua Threadcraft
hthreadcraft@burr.com

Rachel Cash
rcash@burr.com

I further certify that I served the non-CM/ECF participant  by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

Harper Paris
900 E. Colorado Blvd.
Dallas, Texas 75203

- 11 -

Respectfully submitted this 16th day of July 2026.

**BEDARD LAW GROUP, P.C.**

<u>/s/John H. Bedard, Jr.</u>
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant*
*South East Client Services, LLC*