**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| HARPER PARIS,<br><br>Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,  MISSION LANE LLC, and SOUTH EAST CLIENT SERVICES,<br><br>Defendants. | Civil Action No.: 3:26-cv-01486-E-BN |

## <u>DEFENDANT SOUTH EAST CLIENT SERVICES, LLC'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS</u>

COMES NOW Defendant South East Client Services, LLC ("SECS") by and through undersigned counsel, hereby moves the Court for entry of an Order staying all discovery in this case pending the Court's resolution of Defendant's Motion for Judgment on the Pleadings filed on July 16, 2026, pursuant to Fed.R.Civ.P. 26(c). The pending motion is based purely on legal issues that, if resolved in SECS's favor, will eliminate the need for discovery entirely and dispose of this case without imposing the burden and expense of unnecessary discovery on the parties and the Court. As grounds for this motion, Defendant SECS states as follows:

## I.     INTRODUCTION

A stay of discovery is warranted because: (1) SECS has made a strong showing that the Motion for Judgment on the Pleadings will be granted, thereby eliminating the need for any discovery; (2) requiring SECS to proceed with discovery would impose undue burden and expense on a party that may be entitled to judgment as a matter of law; (3) Plaintiff Harper Paris ("Plaintiff") will suffer no prejudice from a brief stay pending resolution of a potentially dispositive motion; and (4) judicial economy strongly favors resolving threshold legal questions before the parties incur the substantial costs of discovery. For the reasons set forth below, SECS respectfully requests that this Court stay all discovery until the Court has ruled on the pending Motion for Judgment on the Pleadings.

## II.     STATEMENT OF FACTS

On April 6, 2026, Plaintiff filed this action alleging SECS improperly obtained her credit report. Specifically, that on February 19, 2026, Plaintiff discovered a soft inquiry by SECS on her credit report. (Doc. 1-5, Compl., ¶ 15). Plaintiff alleges she has no account or business relationship with SECS and did not provide consent for it to access her consumer file. (Id. at ¶ 16.). However, she admits SECS obtained her credit report to collect or attempt to collect a debt.  (Id. at ¶ 25.).

On July 16, 2026, SECS filed a Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 26(c), arguing that SECS had a permissible purpose to

obtain Plaintiff's credit report.  Furthermore, Plaintiff failed to allege facts necessary to support her claims. In fact, her own allegations defeat her alleged claims.[1]

SECS's motion for  judgment on the pleadings presents purely legal issues. Plaintiff alleged that SECS had a permissible purpose – debt collection – thus defeating her claims.  That motion does not depend on factual development through discovery. All discovery is currently scheduled to close on March 26, 2027.  Absent a stay, the parties will be required to engage in substantial and costly discovery, including depositions and written discovery.

### III.    STANDARD OF REVIEW

District courts possess broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *Pease v. SEC,* 350 F.R.D. 275 (W.D. Tex. 2025)(citing *Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987)). Rule 26(c) of the Federal Rules of Civil Procedure authorizes the Court to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including orders that stay or limit discovery. *Id*. Under Rule 26(c)'s "good cause" requirement, the party seeking a protective order bears the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished

---

[1] Defendant Misson Lane, LLC filed a Motion for Judgment on the Pleadings on July 7, 2026.

from stereotyped and conclusory statements." *Id.* The Supreme Court has recognized that the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 57 S. Ct. 163 (1936). To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility the motion will be granted and eliminate the need for such discovery entirely. *Pease*, 350 F.R.D. 275 (W.D. Tex. 2025). District courts have considerable discretion to stay discovery while a dispositive motion is pending. Such a stay is not, however, automatically granted whenever a dispositive motion is pending. *Sedillo v. Team Techs., Inc.,* Civil Action No. 3:20-CV-1628-D, 2020 U.S. Dist. LEXIS 164085 (N.D. Tex. Sep. 9, 2020).

Courts typically consider three factors when determining whether to grant a stay: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court. *Sys. Stormseal PTY Ltd. v. SRS Distribution, Inc.*, No. 2:23-CV-00391-JRG, 2024 U.S. Dist. LEXIS 82050 (E.D. Tex. May 6, 2024).

## IV.    ARGUMENT

### A. SECS Has Demonstrated Good Cause for a Stay of Discovery

### 1.    The Pending Motion for Judgment on the Pleadings presents threshold legal issues that may dispose of this case

A motion brought pursuant to Federal Rule of Civil Procedure 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305 (5th Cir. 2002). The standard for dismissal under Rule 12(c) is the same as that under Rule 12(b)(6). *Garza v. Escobar, 972 F.3d 721* (5th Cir. 2020). The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002).

SECSs Motion for Judgment on the Pleadings raises purely legal questions regarding SECS's permissible use of Plaintiff's credit report and Plaintiff's failure to allege facts necessary to support her claims. These issues can be resolved based on the pleadings alone, without the need for factual development through discovery. The motion challenges whether Plaintiff has stated a plausible claim, an

issue appropriately resolved at this preliminary stage before the parties incur the substantial burden and expense of discovery.

Here, if the Court grants SECS's Motion for Judgment on the Pleadings, all claims against it will be dismissed and discovery will be entirely unnecessary. Allowing discovery to proceed while the motion is pending would waste judicial resources and impose needless burdens on the parties. The potential for the motion to dispose of the entire case weighs heavily in favor of staying discovery pending the Court's ruling.

2. **Proceeding with discovery would impose undue burden and expense on SECS**

The burden or expense of proposed discovery may outweigh its likely benefit when a dispositive motion is pending.  Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery, and the court may limit the time, place, and manner of discovery, or even bar discovery altogether on certain subjects, as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Crawford-El v. Britton,* 523 U.S. 574, 118 S. Ct. 1584 (1998).

Absent a stay, SECS will be required to respond to written discovery, make employees available for depositions, etc… This discovery will require SECS to expend additional costs in attorney's fees, and cause disruption to SECS's operations. If the Court grants the Motion for Judgment on the Pleadings, all of this

effort and expense will have been wasted.  Requiring SECS to bear these burdens while a potentially dispositive motion is pending would be both inefficient and inequitable.

**3. The three-factor test for staying discovery strongly favors SECS**

Courts apply a three-factor test when determining whether to grant a stay of discovery: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, and (3) whether the stay will likely result in simplifying the case before the court. *Sys. Stormseal PTY Ltd. v. SRS Distribution, Inc.*, No. 2:23-CV-00391-JRG, 2024 U.S. Dist. LEXIS 82050 (E.D. Tex. May 6, 2024). All three factors support a stay in this case.

a. <u>Plaintiff will not suffer undue prejudice from a brief stay</u>.

A stay of discovery pending resolution of the Motion for Judgment on the Pleadings will not unduly prejudice Plaintiff. The requested stay is limited in duration.  This brief delay pales in comparison to the burden that unnecessary discovery would impose on SECS if the motion is granted.

Moreover, if the Court denies the Motion for Judgment on the Pleadings, discovery can proceed on its normal schedule with minimal delay. Plaintiff will have a full and fair opportunity to conduct discovery if the case proceeds past the Motion for Judgment on the Pleadings.

In contrast to the minimal prejudice to Plaintiff, requiring SECS to proceed with discovery would impose substantial and potentially irreversible harm. Once SECS has submitted to depositions and incurred the costs of responding to discovery, those burdens cannot be undone even if the Court subsequently grants the Motion for Judgment on the Pleadings.

b.  This case is at an early stage with no trial date set.

The second factor examines whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set. *Sys. Stormseal PTY Ltd. v. SRS Distribution, Inc.*, No. 2:23-CV-00391-JRG, 2024 U.S. Dist. LEXIS 82050 (E.D. Tex. May 6, 2024). Here, this case is in its early stages. Discovery has only recently begun. No depositions have been noticed or taken. No trial date has been set. The case is at precisely the stage where a stay pending resolution of a dispositive motion is most appropriate.

Courts have consistently found this factor favors a stay when, as here, the case is at a preliminary stage, and no significant discovery has occurred. *Corwin v. Marney, Orton Inv.*, 843 F.2d 194 (5th Cir. 1988). The earlier in the proceedings a stay is sought, the more appropriate it is to grant the stay and avoid the expense of unnecessary discovery.

c.  <u>A stay will simplify this case and promote judicial economy.</u>

The third factor examines whether the stay will likely result in simplifying the case. If the Court grants SECS's Motion for Judgment on the Pleadings, the entire case will be resolved without the need for any discovery, drastically simplifying the proceedings and conserving judicial resources.

Even if the motion is granted only in part, resolving threshold legal issues before discovery proceeds will narrow the scope of the case and focus discovery on the issues that remain. This approach promotes judicial economy by ensuring that discovery is tailored to the actual claims that will proceed to trial.

## V.    CONCLUSION

For the foregoing reasons, SECS respectfully requests that this Court enter an order staying all discovery in this case pending the Court's resolution of SECS's Motion for Judgment on the Pleadings. Such a stay will serve the interests of justice and judicial economy, protect SECS from undue burden and expense, and ensure that discovery, if necessary, proceeds only after threshold legal issues have been resolved.

WHEREFORE, SECS respectfully requests that this Court:

1.  Grant SECS's Motion to Stay Discovery;

2. Enter an Order staying all discovery in this case as it pertains to Defendant SECS's pending the Court's resolution of SECS's Motion for Judgment on the Pleadings; and

3. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 17th day of July 2026.

**BEDARD LAW GROUP, P.C.**

*/s/John H. Bedard, Jr.*
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant*
*South East Client Services, LLC*

4855 River Green Parkway
Suite 310
Duluth, Georgia 30096
Telephone: (678) 253-1871
jbedard@bedardlawgroup.com

- 10 -

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| HARPER PARIS,<br><br>Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,  MISSION LANE LLC, and SOUTH EAST CLIENT SERVICES,<br><br>Defendants. | Civil Action No.: 3:26-cv-01486-E-BN |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed Defendant South East Client Services' Motion to Stay Discovery Pending Resolution of Its Motion for Judgment on the Pleadings with the Clerk using the CM/ECF system which will automatically send email notification to the following attorneys of record as follows:

Steven Owens
sowens@kasowitz.com

Vincent Hess
Vince.hess@troutman.com

Gary Kessler
gsk@kesslercollins.com

Joshua Threadcraft
hthreadcraft@burr.com

Rachel Cash
rcash@burr.com

I further certify that I served the non-CM/ECF participant  by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

Harper Paris
1710 Keller Pkwy
# 9602

Keller, Texas 76248

Respectfully submitted this 17th day of July 2026.

**BEDARD LAW GROUP, P.C.**

/s/John H. Bedard, Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant*
*South East Client Services, LLC*
